O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SPERSKE,<br><br>　　　　Plaintiff,<br>　　v.<br>ARIEL ROSENBERG a/k/a ARIEL PINK et al.,<br><br>　　　　Defendants. | Case No. 2:12-cv-07034-ODW(JCx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT [39]** |

　　The Court is in receipt of Defendant Ariel Rosenberg's Motion for Relief from Default Judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 39.) For the reasons discussed below, the Court **DENIES** Rosenberg's Motion.

　　Plaintiff Aaron Sperske filed a complaint against Defendants Rosenberg, Kwang Nam Koh, Kenneth John Gilmore, and Ariel Pink's Haunted Graffiti ("APHG") on August 15, 2012, for declaratory relief and accounting under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*; declaratory relief under the California Uniform Partnership Act of 1994, Cal. Corp. Code §§ 16100–962; an accounting of partnership assets and proceeds; and breach of fiduciary duty. (ECF No. 1.) In this complaint, Sperske alleged that he and Defendants "formed a musical group and entered into an oral partnership agreement under California law, for the purpose of carrying on the business of musical performing . . . [as a] recording group" called APHG. (Compl. ¶ 9.) Sperske served two copies of this complaint on Rosenberg, one for Rosenberg personally and one for Rosenberg in his role as an agent of APGH, on August 31, 2012. (ECF Nos. 5, 7; Hirsch Decl. ¶ 3.)

After APHG failed to respond to the complaint, Sperske requested the Clerk of Court to enter default against APHG on September 20, 2012.  (ECF No. 13.)  The Clerk subsequently entered default on APHG on September 21, 2012.  (ECF No. 16.)  After two orders to show cause for lack of prosecution, Sperske filed a noticed motion for default judgment against APHG on October 19, 2012.  (ECF Nos. 18, 23, 28.)  The Court granted the motion for default judgment on October 23, 2012.  (ECF No. 34.)  On November 12, 2012, Rosenberg filed the instant Motion, arguing that default judgment against APHG is improper because (1) APHG is not a partnership; (2) APHG was not validly served with the complaint or the motion for entry of default judgment; and (3) neither Rosenberg nor the other Defendants were given sufficient time to oppose the motion for entry of default judgment.  (ECF No. 36.)

The Court disagrees with Rosenberg.  A partnership is "the association of two or more persons to carry on as coowners of a business for profit . . . whether or not the persons intend to form a partnership."  Cal. Corp. Code § 16202.  Despite Rosenberg's contention that APHG is simply the name that Rosenberg has used for his band since 1996, APHG is a partnership.  (Mot. 2.)  This is supported by Rosenberg's own statement in his answer to Sperske's complaint:  "[Rosenberg] admits that [he], [Sperske], Koh, Gilmore, and Cole M. Greif-Neill formed a musical group in or about 2008."  (Rosenberg Answer ¶ 9.)  This is enough to form a partnership, especially since these parties collectively signed a multi-album recording contract as APHG in 2009.  (Rosenberg Decl. ¶ 4.)  Rosenberg may have started APHG in 1996 and thought of himself as the sole "owner" of the band, but if this was true, Rosenberg would have signed the recording contract by himself.  (*Id.* ¶ 2.)

Since APHG was a partnership, it was validly served with the complaint when Rosenberg received two copies of the document.  Since Rosenberg was a partner in APHG, he was also APHG's agent.  *See* Cal. Corp. Code § 16301(1) ("Each partner is an agent of the partnership for the purpose of its business.")

/ / /

As for the alleged deficient service of the motion for entry of default judgment, the Court finds that service was proper. APHG's own neglect in responding to Sperske's complaint and defending itself in this action validly gave rise to the default judgment. This neglect is not excusable. "[E]xcusable neglect" contemplates "negligence, carelessness and inadvertent mistake." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1224 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993)). Determining whether neglect is excusable requires consideration of four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman*, 231 F.3d at 1223–24. Since APHG was served with the complaint on August 31, 2012, it had ample time to respond to Sperske's allegations and oppose any filed motions. Because of APHG's lengthy and unjustified absence, the Court granted Sperske's motion for default judgment. There is no reason why this default judgment should be vacated.

And finally, even if the Court were to agree with Rosenberg's assertion that APHG is not a valid partnership, Rosenberg would have no standing to bring this current Motion before the Court. The default judgment was entered against APHG, not Rosenberg personally. If APHG is not a valid partnership, then Rosenberg is not its agent and cannot speak on its behalf.

Accordingly, Rosenberg's Motion is hereby **DENIED**.

**IT IS SO ORDERED.**

December 6, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**