O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SPERSKE, | Case No. 2:12-cv-07034-ODW(JCx) |
| Plaintiff, | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT [62];** |
| v. | **ORDER VACATING DEFAULT JUDGMENT AGAINST ARIEL PINK'S HAUNTED GRAFFITI [34]** |
| ARIEL ROSENBERG a/k/a ARIEL PINK; KWANG NAM KOH p/k/a TIM KOH; KENNETH JOHN GILMORE; and ARIEL PINK'S HAUNTED GRAFFITI, | |
| Defendants. | |

In May 2012, band members Ariel Rosenberg, Kwang Nam Koh, and Kenneth John Gilmore ousted drummer Aaron Sperske from the band Ariel Pink's Haunted Graffiti. Shortly thereafter, the band released the album *Mature Themes* and had moderate business success. Having been slighted, Sperske brought this action against the band and the individual band members. Sperske's Complaint alleges four claims for relief: (1) declaratory relief and an accounting under the Copyright Act for 25% ownership of the copyrights to the compositions on the album *Mature Themes*; (2) declaratory relief under the California Uniform Partnership Act; (3) an accounting of partnership assets and proceeds; and (4) breach of fiduciary duty.

The Court entered default judgment against Ariel Pink's Haunted Graffiti on October 23, 2012. (ECF No. 34.) Sperske now moves the Court for summary

judgment against the individual Defendants. (ECF No. 62.) After considering the papers filed by Sperske and the oral arguments presented at the hearing, the Court **DENIES** Sperske's Motion for Summary Judgment. The Court also **VACATES** the earlier-issued default judgment against Ariel Pink's Haunted Graffiti.

## II. BACKGROUND

Ariel Rosenberg started the band Ariel Pink's Haunted Grafitti in 1996. (Rosenberg Decl. ¶ 2 (ECF No. 36-1).) In about 2008, the members of the band consisted of Ariel Rosenberg, Kwang Nam Koh, Kenneth John Gilmore, Aaron Sperske, and a fifth individual. (SUF ¶ 1.) In late 2009, the band entered into a recording contract with 4AD Records. (SUF ¶ 5.) Each band member signed the 4AD contract. (SUF ¶ 6.) The band released two albums under the recording contract: *Before Today* in 2010 and *Mature Themes* in 2012. (SUF ¶ 7.)

On May 15, 2012, Rosenberg, Koh, and Gilmore ousted Sperske from the band. (Compl. ¶ 13.) After Sperske's departure, the band continued its business, earning a total of $219,498, from touring revenue and merchandise sales. (SUF ¶ 23.)

Earlier in this case, the Court granted Sperske's Motion for Default Judgment against Ariel Pink's Haunted Graffiti. (ECF No. 34.) After conducting discovery, Sperske filed this Motion for Summary Judgment against Rosenberg, Koh, and Gilmore in their individual capacities.

## III. LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine issue for trial. *Id.*; Fed. R. Civ. P. 56(c). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat

summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV. DISCUSSION

This case is complicated by Defendants' halfhearted defense. First, the Court entered default judgment against the band because the band, as a partnership, never responded to the allegations in the Complaint. (ECF No. 34.) Next, the individual Defendants hired lawyers to file their Answers to the Complaint, but soon thereafter, the lawyers withdrew citing irreconcilable differences and failure to pay. (ECF No. 51.) Now, in the face of Sperske's summary-judgment Motion, the individual Defendants failed to file an opposition.

Sperske's Motion for Summary Judgment essentially seeks resolution of two issues: (1) whether Sperske and the Individual Defendants formed a partnership; and (2) whether Sperske is a co-author and co-owner of the 12 compositions on the album *Mature Themes*. The direction of the remaining causes of action—how the band's profits should be distributed—necessarily flow from the determination of these two issues. The Court first turns to the partnership issue.

### A. Partnership

Under California Law, "the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend

to form a partnership." Cal. Corp. Code § 16202(a). If not in writing, a partnership can be inferred if parties participate in (1) profits and losses, (2) contributing money, property, or services, and (3) management of the business. *In re Lona*, 393 B.R. 1, 14 (Bankr. N.D. Cal. 2008); *Dickenson v. Samples*, 104 Cal. App. 2d 311, 315 (1951) ("To participate to some extent in the management of a business is a primary element in partnership organization, and it is virtually essential to a determination that such a relationship existed.").

Sperske alleges that he and the individual Defendants entered into an oral partnership agreement, and also asserts that his status as a partner is evidenced by his contribution of services and receipt of profits while touring with the band. (SUF ¶ 13.) Though the individual Defendants failed to file an opposition, it is obvious that they oppose Sperske's assertions based upon their earlier-filed motions for reconsideration. (ECF Nos. 36, 47.)

First, profit sharing is not sufficient to demonstrate partnership if such sharing could just as easily constitute wages for employment with the band. Cal. Corp. Code § 16202(c)(3)(B). Sperske has not shown that his profit sharing was anything more than wages; for example, he has not shown that he "filed partnership tax returns or made partner draw payments." *Fredianelli v. Jenkins*, No. C-11-3232 EMC, 2013 WL 1087653, at *15 (N.D. Cal. Mar. 14, 2013). This suggests that Sperske is trying to retroactively claim the benefits of partnership without paying for the privilege up front.

Second, even if some of the hallmarks of a partnership are present (e.g., sharing of profits and contribution of services), Sperske has not proven the primary element of a partnership: participation in the band's management. Rather, evidence suggests that Rosenberg was the main force behind the band and controlled the band's creative and business decisions, including personnel decisions. (Rosenberg Decl. ¶¶ 2–7 (ECF No. 36-1).) Simply put, the fact Sperske was "a band 'member' does not necessarily denote ownership." *Fredianelli*, 2013 WL 1087653 at *16 (citing *Bartels v.*

*Birmingham*, 332 U.S. 126, 127–28 (1947) (members of "name bands" are employees and the leader is the employer)).

Third, Sperske's failure to name other ex-band members as partners is telling. Under Sperske's logic, there should be other partners of the band in addition to Sperske and the three individual Defendants: Cole M. Grief-Neill, Jimmy Hey, Joe Kennedy, and Ryeland Allison. (Rosenberg Decl. ¶¶ 4–8 (ECF No. 36-1).) For instance, Kennedy and Sperske have a similar history and relationship with the band: they each replaced former band members and performed similar services. Yet Sperske does not explain how it is that he became a partner upon replacing Hey (the previous drummer), while Kennedy's replacing of Greif-Neill (the previous lead guitar) imputed to him no such partnership benefit. (*Id.*) Sperske is also silent on the partnership status of other past and present band members.

Thus, because there are genuine issues of material fact concerning the existence of a partnership, the Court must **DENY** summary judgment on Sperske's partnership claims, including the second claim for declaratory relief under the California Uniform Partnership Act, the third claim for an accounting of partnership assets and proceeds, and the fourth claim for breach of fiduciary duty.

**B.     Copyright ownership and accounting**

Sperske's claim under the Copyright Act has two subparts: whether Sperske is a co-author and co-owner of the copyright to the compositions on *Mature Themes*; and if that is so, what Defendants owe him.

*i.     Copyright ownership*

Authors of a joint work are co-owners of copyright in the work. 17 U.S.C. § 201(a). But if the work was prepared for another, it may be considered a work for hire and the person for whom the work was prepared is considered the sole author and owner of the work. 17 U.S.C. § 201(b). A certificate of registration is prima facia evidence of a copyright's validity if it is registered before or within five years after first publication of the work. 17 U.S.C. § 410(c). However, the presumptive validity

a certificate may be rebutted and defeated on summary judgment. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1086 (9th Cir. 1989).

Sperske claims he helped compose and record 12 compositions on *Mature Themes*, and therefore co-owns the copyrights to those compositions. (SUF ¶ 8.) He also submits as evidence a certificate of registration issued by the Copyright Office. (Sperske Decl., Ex. A.) The certificate lists Sperske, Rosenberg, Gilmore, and Koh as co-authors and copyright claimants of all 12 compositions on *Mature Themes*. (*Id.*)

But the Court finds it suspicious that this certificate was issued several months *after* Sperske initiated this suit. Logic dictates that this certificate was filed without consent by Rosenberg, Gilmore, and Koh, because this certificate was filed by Evan S. Cohen, Sperske's attorney in this case. (*Id.*) Indeed, Rosenberg has asserted that Sperske only helped compose three songs and record four songs on *Mature Themes*. (Rosenberg Decl. ¶¶ 3–4 (ECF No. 36-1).) Rosenberg also explained that publishing rights (i.e., copyright ownership rights) were not to be distributed equally: since Rosenberg did the majority of the song writing, he received the lionshare of the publishing rights over the other band members. (*Id.* ¶¶ 5, 7.)

Accordingly, because there are genuine issues of material fact concerning authorship and ownership of the 12 songs on *Mature Themes*, the Court must **DENY** summary judgment on Sperske's copyright claim.

   *ii.*  *Copyright accounting*

Even if Sperkse is assumed to own 25% of the copyright (and assuming there is no partnership), the Court notes that there are genuine issues of material fact concerning how the band proceeds are to be distributed to the copyright owners. Specifically, Sperske fails to distinguish proceeds obtained by way of the copyright and proceeds obtained otherwise. While he submits that the band has earned $219,498 since May 15, 2012, this figure shows only the total proceeds earned from touring and merchandise sales without discerning what amount was derived from the copyright. (SUF ¶ 7.) It would be incorrect to assert that the entire $219,498 was

derived from the copyright and therefore, should be split based on copyright ownership percentages—25% to each of Sperske and the three individual Defendants. Thus, this remains a factual issue for determination at trial.

C.      **Effect on prior default judgment**

Justice demands vacating the default judgment against the partnership. In the Ninth Circuit, courts may act sua sponte to adjust default judgments. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351 (9th Cir. 1999). Courts may set aside a default judgment under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c). Relief under Rule 60(b) may be based upon mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, void judgment, satisfied judgment, or for "any other reason justifying relief." Fed. R. Civ. P. 60(b). Absent highly unusual circumstances, the district court should decline to reconsider an order unless it committed clear error, is presented with newly discovered evidence, or is notified of an intervening change in the controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Though the Court previously denied motions for reconsideration filed by the individual Defendants, the Court now finds that the default judgment is inconsistent with evidence submitted in this case and believes that it committed a clear error. This inconsistency is compounded by the fact that Sperske deems the default judgment against the partnership to be practically insufficient. There are real questions concerning whether Ariel Pink's Haunted Grafitti was ever a partnership and who those partners may have been.

The Court alerted Sperske to this issue at the hearing on June 24, 2013. Sperske's Response to the Court's concerns itself raised questions whether Ariel Pink's Haunted Grafitti was ever a partnership. (ECF No. 76 ("For example, ASCAP, the performing rights society which collects and distributes performance royalties to songwriters and publishers, pays individual songwriters according to the percentages submitted.").) In light of that Response and the findings discussed here, the Court

hereby **VACATES** the default judgment entered against Ariel Pink's Haunted Graffiti. (ECF No. 34.)

## V.  CONCLUSION

For the reasons discussed above, Sperske's Motion for Summary Judgment is **DENIED**. (ECF No. 62.) The Court also **VACATES** the default judgment previously entered against Ariel Pink's Haunted Graffiti on October 23, 2012. (ECF No. 34.)

**IT IS SO ORDERED.**

July 23, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**